UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH ROGERS,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA *et al.*,

    *Defendants*.

Civil Action No. 25-1193 (TJK)

### MEMORANDUM

Keith Rogers alleges that he was deprived of his constitutional rights during his arrest and initial pretrial detention back in 1991. He now brings claims against the District of Columbia and several of its employees under 42 U.S.C. § 1983. Defendants have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Rogers's § 1983 claims as barred by the statute of limitations. The Court agrees with Defendants, so it will grant the motion and dismiss the case.

**I.      Background**

Rogers alleges that in March 1991, he was approached by Officer Vernon Gudger, who sought to serve him with a subpoena. ECF No. 1 ¶ 12. Rogers denied that the name on the subpoena was him and Officer Gudger left, only to allegedly attempt a second time just a week later. *Id.* ¶¶ 15–18. After these two failed attempts, Rogers alleges that Officer Gudger returned on July 31, 1991, "told Mr. Rogers that he was going with him," then "grabbed Mr. Rogers by the neck and proceeded to choke him with one hand extremely tight while his other hand was on his gun causing Mr. Rogers to have difficulty breathing and to urinate on himself." *Id.* ¶¶ 20, 23, 25. Rogers further alleges that after he "started to become faint" from the choking, "Officer Gudger slammed Mr. Rogers['s] head into his squad car three (3) times." *Id.* ¶ 26.

After this altercation, Rogers alleges that he was handcuffed and taken to "homicide headquarters" where he was interrogated about two homicides that occurred earlier in the year. ECF No. 1 ¶¶ 27–28. Upon being released from interrogation, Rogers was told by Officer Gudger to report to the U.S. Attorney's Office the next day, August 1, 1991. *Id.* ¶ 32. When he did so, Rogers alleges he was charged with first degree murder and "arrested without a warrant." *Id.* ¶¶ 33–36, 39. He was then allegedly "not taken before a judicial officer until ninety-six (96) hours" later, because various government employees "employ[] policies or customs which fail to afford timely appearance before a judicial officer." *Id.* ¶¶ 39–43. And when he was finally taken before a judge for a "preliminary hearing" on August 6, 1991, Rogers alleges that the judge "failed [to] read Mr. Rogers his rights," but still "stepped [him] back and held him over for trial." *Id.* ¶¶ 38, 39, 61.

Rogers appears to allege that he was detained or otherwise incarcerated from August 6, 1991, until November 5, 2020, presumably in connection with the homicide case brought against him. *See id.* ¶¶ 47, 49. After being released, he filed this lawsuit on April 18, 2025. *Id.* at 16. Defendants now move to dismiss Rogers's § 1983 claims as barred by the statute of limitations. *See* ECF Nos. 8, 10.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint that "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550

2

U.S. at 556). For the purposes of a motion to dismiss under Rule 12(b)(6), the court takes all facts alleged in the complaint as true. *Twombly*, 550 U.S. at 556.

Defendants may raise a statute of limitations defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "when the facts that give rise to the defense are clear from the face of the complaint." *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statute of limitations defenses are often based on contested facts, courts are cautious in considering a motion to dismiss on such grounds. "[D]ismissal is appropriate only if the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

### III.  Analysis

On its own, "[s]ection 1983 sets no limitations period." *Earle v. District of Columbia*, 707 F.3d 299, 304 (D.C. Cir. 2012). To fill the gap, "[t]he United States Supreme Court has determined that the appropriate statute of limitations for a claim brought under section 1983 'is that which the State provides for personal-injury torts.'" *Id.* at 305 (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, in the District of Columbia, federal courts "apply the three-year residual statute of limitations to a section 1983 claim." *Id.* (quoting *Singletary v. District of Columbia*, 351 F.3d 519, 529 n.11 (D.C. Cir. 2003)). That said, although the statute of limitations is derived from applicable D.C. law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. Under federal law, a § 1983 claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). And a plaintiff has a complete and present cause of action when "the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry*, 522 U.S. at 201). That, in turn, depends on the specifics of a plaintiff's claim.

Rogers alleges in his complaint that his Fourth and Fifth Amendment rights were violated in two ways: he was "arrested without a warrant," and he was not "presented . . . before a court . . . for the purpose of determining whether the District of Columbia had probable cause to hold him, within 48 hours of his arrest." ECF No. 1 ¶¶ 58–73. Because Rogers's underlying assertion is that he was invalidly arrested and "det[ained] without legal process," both of his claims sound in the tort of false imprisonment. *Wallace*, 549 U.S. at 389 (emphasis removed). In turn, false imprisonment is "subject to a distinctive rule" of accrual that starts the statute-of-limitations clock "when the alleged false imprisonment ends." *Id.* (quotation omitted). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*

Rogers also alleges that he was taken before a judicial officer for a "preliminary hearing," on August 6, 1991, and "stepped . . . back and held . . . over for trial." *Id.* ¶¶ 38, 39, 61. Thus, his cause of action likely accrued by that date—or perhaps on some date shortly afterward when he was arraigned—which would mean the statute of limitations had long since run when he filed suit in April 2025. In response, Rogers argues that November 5, 2020—the day he alleges he was released—is the right accrual date because District of Columbia law permits a person to "bring action within the time limited after" a person is released from prison when the "right of action accrues" while the person is "imprisoned." D.C. Code § 12-302(a). The Court need not wrestle with whether this tolling statute applies to the specific circumstances here, and if so, how it impacts the timeliness of Rogers's complaint—because even if he is right, his suit is untimely. Applying the three-year statute of limitations for § 1983 claims, *see Earle*, 707 F.3d at 305, Rogers would

have had to file suit by November 5, 2023.  He did not do so until April 2025—well over a year too late.

Rogers raises two counterarguments asserting that the three-year statute of limitations was further tolled, making his suit timely.  The Court "refer[s] to state law for tolling rules," just as it does "for the length of statutes of limitations."  *Wallace*, 549 U.S. at 394.  Under District of Columbia law, neither of Rogers's counterarguments succeeds.

First, Rogers theorizes that the statute of limitations was "tolled during the COVID-19 pandemic" by an "order of the Chief Judge of the D.C. Superior Court" and thus his claim did not accrue until June 2022, which would make his April 2025 suit timely.  ECF No. 1 ¶¶ 50–52.  Even assuming that order applies in this Court, Rogers's theory fails.  The D.C. Court of Appeals has clarified that the Chief Judge's COVID-19 tolling order "ran from March 18, 2020, to March 31, 2021" and only applied to deadlines that fell "within the period."  *Touvar v. Regan Zambri Long, PLLC*, 321 A.3d 600, 616–17 (D.C. 2024).  Even assuming that Rogers's claims did not accrue until November 5, 2020, his un-tolled deadline did not fall until November 2023.  Thus, even if the Superior Court's COVID-19 tolling order applied to filings in this Court, it would not toll the statute of limitations for Rogers's claims.

Second, Rogers pivots to a new theory of tolling in his opposition.  He asserts that the statute of limitations should be equitably tolled because he "did not have access to relevant records in order to mount his civil action" while in prison, he "was released while COVID-19 pandemic was in full throttle," and he "was suffering medical conditions due to being poisoned while in federal custody."  ECF No. 13 at 5.  But generally, "District of Columbia law does not recognize an equitable tolling exception to the statute of limitations."  *Johnson v. Marcheta Invs. Ltd.*, 711 A.2d 109, 112 (D.C. 1998).  That lack of recognition is rooted in the D.C. Court of Appeals' "belief

5

that where the legislature has provided no savings statute, courts would exceed their prescribed role by providing a remedy where the legislature has determined that none should lie." *Sayyad v. Fawzi*, 674 A.2d 905, 906 (D.C. 1996). The District of Columbia has already provided for tolling in a few specific situations, *see* D.C. Code § 12-302(a), so applying equitable tolling here would be especially contrary to the judicial role. And Rogers identifies no case in which a court has applied equitable tolling in similar circumstances.

### IV.   Conclusion

For all the above reasons, Rogers's § 1983 claims are barred by the statute of limitations, which expired—at the latest—in November 2023, over a year before he sued. Thus, the Court will grant the motion and dismiss the case. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 5, 2026